# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:     NICHOLAS S. LAZZARO
               LAUREN M. LAZZARO

       Debtor.                                Case No.: 3:16-bk-02550-PMG
                                          Chapter 7

_____/

LAUREN M. LAZZARO

       Plaintiff                             Adv. No. 3:17-ap-
   v.

ONLINE INFORMATION SERVICES, INC.

       Defendant

_____/

## COMPLAINT

LAUREN M. LAZZARO ("Ms. Lazzaro" or "Plaintiff") sues ONLINE INFORMATION SERVICES, INC. ("OIS" or "Defendant") and states:

## INTRODUCTION

1.     This is an action filed by Plaintiff(s) seeking:

     a.   a declaratory judgment, injunctive relief, and actual damages pursuant to 11 U.S.C. §§ 105, 524 and 727 of the Bankruptcy Code for Defendant's violations of the discharge injunction; and

     b.   Actual damages and statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-1692g (hereinafter referred to as the "FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter referred to as "FCCPA").

1

**JURISDICTION AND VENUE**

2.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns violations of the discharge injunction entered in that case.

3.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4.      This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

5.      Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**PARTIES**

6.      The Plaintiff in this case is the Debtor under Chapter 7 of Title 11 of the United States Code in case number 3:16-bk-02550-PMG (the "Main Case").

7.      The Defendant, OIS, is a debt collector.

8.      OIS is registered with the Florida Office of Financial Regulation as a consumer collection agency.

**FACTUAL ALLEGATIONS**

9.      On July 5, 2016, Debtor filed the Main Case as a Chapter 7 case. A copy of the redacted § 341 Notice is attached as Exhibit 1.

10.     Plaintiff filed her Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. § 362 to prevent harassing

2

debt collectors from contacting her in collection efforts; (ii) from the Bankruptcy Court an order of discharge pursuant to 11 U.S.C. § 727; and (iii) a financial "fresh start".

11.     As required by the Bankruptcy Code, Plaintiff filed her schedules, lists, and statements in her Bankruptcy Case. Included in the Schedule F list of unsecured creditors was a debt in the amount of $411 with notice to:

> Online Collections
> PO Box 1489
> Winterville, NC 28590

12.     The relevant page from Plaintiff's Schedule F is attached as Exhibit 2.

13.     On or about July 8, 2016, OIS received written notice of the Bankruptcy Case. *See* Bankruptcy Noticing Center Certificate of Notice attached as Exhibit 3.

14.     On October 4, 2016, the Bankruptcy Court entered a Discharge (Doc. 12 in the Main Case). The discharge prohibits any action to collect discharged debt. *See* 11 U.S.C. § 524(a)(2).

15.     On October 6, 2016, OIS received notice of the Discharge. The BNC Certificate of Mailing is attached as Exhibit 4.

16.     On August 24, 2017, Defendant sent Plaintiff a dunning letter. The redacted Dunning Letter is attached as Exhibit 5.

17.     Defendant asserted an "Amount Owed" of $411.64.

18.     Defendant states that "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose."

19.     The Dunning Letter includes the option to pay online, by credit card, by phone or by mail.

20.     The Dunning Letter also states that the "creditor has placed this account with this

office for collection."

21.    OIS did not qualify any of these statements by explaining to Plaintiff that she should ignore the dunning letter if the debt had been discharged in bankruptcy. *See* Exhibit 5.

22.    Ms. Lazzaro's goal in filing for bankruptcy was to obtain a financial fresh start.

23.    Congress enacted the bankruptcy laws in order to help people such as Ms. Lazzaro achieve this financial fresh start. *See Local Loan Co. v Hunt*, 292 U.S. 234, 244 (1934) (stating "[o]ne of the primary purposes of the bankruptcy act is to 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.'").

24.    OIS' continued misconduct has robbed Ms. Lazzaro of her anticipated fresh start.

25.    OIS' actions were not permitted by applicable law and violated the discharge injunction, the FDCPA and the FCCPA.

26.    OIS is liable to Plaintiff for her actual damages, statutory damages, and attorney fees and costs.

## COUNT I –VIOLATION OF DISCHARGE INJUNCTION - 11 U.S.C. §§ 105, 524, 707

27.    The Plaintiff re-alleges the allegations in the factual allegations paragraphs 9 through 26 above.

28.    OIS received actual notice of the commencement of the Main Case.

29.    The debt being collected by OIS was properly scheduled.

30.    On October 6, 2016, OIS received notice of the discharge.

31.    Despite notice of the discharge, OIS violated the discharge injunction by attempting to collect the discharged debt.

32.     Despite actual knowledge of the discharge and in contravention of the discharge injunction, OIS continued to attempt to collect the discharged debt.

33.     The discharge injunction is broad, intended to enjoin any act to collect a discharged debt. *See Torres v. Chase*, 367 B.R. 478, 484.

34.     The actions of the Defendant were contemptuous and subject the Defendant to the civil contempt powers of this Court.

35.     The actions of Defendant were willful as OIS received actual notice of the discharge and intended the violative actions. *See In re Ramsey*, 432 B.R. 662 *Hardy v. I.R.S.*, 97 F.3d 1384 (11th Cir. 1996).

36.     In bringing this action for violation of the discharge injunction, Plaintiff has incurred attorney's fees and costs in addition to the injunctive relief allowed under 11 U.S.C. § 524. Plaintiff is entitled to an award of reasonable attorney's fees and costs under 11 U.S.C. § 105 for the contemptuous violations of the discharge injunction by Defendant.

## COUNT II – FAIR DEBT COLLECTION PRACTICES ACT

37.     The Plaintiff re-alleges the allegations in the factual allegations paragraphs 9 through 26 above.

38.     In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. These four elements are met as follows:

   i.   Plaintiff is a natural person and therefore meets the FDCPA definition of "consumer." 15 U.S.C. § 1692a(3).

   ii.  The debt at issue stems from utility services, which qualifies the debt as a consumer debt under the FDCPA. 15 U.S.C. § 1692a(5).

iii.   OIS admits it is a debt collector by virtue of its registration and the statements

contained in its collection notice. Furthermore, OIS meets the definition of a debt

collector under the FDCPA as it regularly collects or attempts to collect debt owed

or asserted to be owed to another. 15 U.S.C. § 1692a(6).

iv.   The violations of the FDCPA are outlined below.

39.   While Plaintiff asserts multiple violations of the FDCPA, a single violation of any

FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*,

988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is

liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and

attorney fees associated with the bringing of a successful action to enforce the provisions of the

FDCPA.

40.   "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict

liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD*

*Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629

F.3d 1263 (11th Cir. 2011). Thus, Plaintiff need not allege malicious intent to establish liability.

41.   OIS violated the FDCPA. Its violations include, but are not limited to, the

following:

a.   OIS threatened to take action that could not legally be taken, thereby

violating 15 U.S.C. § 1692e(5). By implicitly threatening further collection activity, OIS

threatened action that could not legally be taken given the Plaintiff's discharge, which

enjoined further collection activity.

b.   OIS misrepresented the character, amount, and legal status of the debt in

violation of 15 U.S.C. § 1692e(2)(A) as the dunning letter threatened further collection

activity stated "Amount Owed" of $411.64." *See* Exhibit 5.

c.      By attempting to collect a discharged debt, OIS took action not permitted by applicable law in violation of 15 U.S.C. § 1692f(1).

d.      By failing to provide a bankruptcy disclaimer and insinuating the debt was legally enforceable, OIS used false, deceptive or misleading means in connection with the collection of the debt in violation of 15 U.S.C. § 1692e.

e.      By failing to provide a bankruptcy disclaimer and insinuating the debt was legally enforceable, OIS used unfair or unconscionable means in connection with the collection of the debt in violation of 15 U.S.C. § 1692f.

f.      By failing to provide a bankruptcy disclaimer and insinuating the debt was legally enforceable, OIS used deceptive means to attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

42.     OIS violated multiple provisions of the FDCPA as outlined above. Accordingly, OIS is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

### <u>COUNT III – FLORIDA CONSUMER COLLECTION PRACTICES ACT</u>

43.     The Plaintiff re-alleges the allegations in the factual allegations paragraphs 6 through 36 above.

44. The FCCPA applies given that: (1) the underlying debt was a consumer debt as defined by FCCPA Section 559.55(1), as the money relating to the underlying debt transaction was used for personal, family or household purposes; (2) Plaintiff is a consumer as defined by FCCPA Section 559.55(2), as Plaintiff is a person

obligated to pay a consumer debt; and (3) Defendant is a "person" subject to liability for violating the prohibited practices outlined by FCCPA Section 559.72.

45. Defendant has violated the FCCPA. Defendant's violations include, but are not limited to:

   a. OIS violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt is not legitimate or by asserting the existence of some other legal right when Defendant knew the right did not exist.

   b. OIS knew of the discharge and discharge injunction and yet continued to assert a balance of $411.64.

   c. OIS contacted Ms. Lazzaro directly when OIS knew that Ms. Lazzaro all the while was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA.  OIS clearly knew of the discharge and that Ms. Lazzaro was represented by counsel in connection with the debt.

   d. The Section 341 Notice provided to OIS clearly identifies "Attorney for Debtor(s) (name and address): Bryan K. Mickler 5452 Arlington Expressway Jacksonville, FL 32211". *See* Exhibit 1.

46. Pursuant to Florida Statute § 559.77, OIS is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

47. Plaintiff is entitled to $1,000 in statutory damages per violation of the FCCPA, even if the separate violations arise from the same nucleus of operative facts. *See*

*Kahmeyer v. Federal Credit Corporation*, 19 Fla. Weekly Supp. 1023c (Fla. 13th Cir. May 16, 2012).

48. The FCCPA should be interpreted to offer greater protection to consumers than the corresponding federal law. Fla. Stat. § 559.552.

49. The FCCPA provides for punitive damages under certain circumstances, specifically stating that the "court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part." Fla. Stat. § 559.77.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays for:

1. a declaratory judgment in favor of Ms. Lazzaro finding Defendant willfully violated the above stated provisions of the discharge injunction, the FDCPA and the FCCPA;

2. judgment in favor of Ms. Lazzaro awarding actual and statutory damages;

3. an award in favor of Ms. Lazzaro equal to any and all attorney fees and costs associated with bringing this action;

4. injunctive relief against OIS to prevent future violations;

5. any and all other relief that the Court deems necessary and just.

DATED this 10th day of October, 2017.

Law Offices of Mickler & Mickler

By: */s/ Taylor J. King*
    Taylor J. King
Florida Bar No. 72049
Attorney for Plaintiff(s)

9

5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822 / FAX: 725-0855
tjking@planlaw.com

**EXHIBIT 1**

| **Information to identify the case:** | | | |
|---|---|---|---|
| Debtor 1 | **Nicholas S. Lazzaro** | Social Security number or ITIN | **xxx–xx–0999** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Lauren Marie Lazzaro** | Social Security number or ITIN | **xxx–xx–6375** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Florida** | | Date case filed for chapter **7   7/5/16** | |
| Case number:   **3:16–bk–02550–PMG** | | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline    12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | **About Debtor 2:** |
|---|---|---|---|
| 1. | **Debtor's full name** | Nicholas S. Lazzaro | Lauren Marie Lazzaro |
| 2. | **All other names used in the last 8 years** | aka Nicholas Scott Lazzaro | fka Lauren Marie Argue |
| 3. | **Address** | 7901 Baymeadows Circle E. #515 Jacksonville, FL 32256 | 7901 Baymeadows Circle E. #515 Jacksonville, FL 32256 |
| 4. | **Debtor's attorney** Name and address | Bryan K. Mickler 5452 Arlington Expressway Jacksonville, FL 32211 | Contact phone 904–725–0822 Email:  court@planlaw.com |
| 5. | **Bankruptcy Trustee** Name and address | Gordon P. Jones P O Box 600459 Jacksonville, FL 32260–0459 | Contact phone 904–262–7373 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

**For more information, see page 2 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**        page 1

Debtor  **Nicholas S. Lazzaro**  and  **Lauren Marie Lazzaro**                    Case number **3:16‑bk‑02550‑PMG**

---

| | | |
|---|---|---|
| **6. Bankruptcy Clerk's Office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 300 North Hogan Street Suite 3–150<br>Jacksonville, FL 32202 | Hours open:<br>Monday – Friday 8:30 AM – 4:00PM<br><br>Contact phone 904–301–6490<br><br>Date: July 6, 2016 |

---

| | | |
|---|---|---|
| **7. Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073–1 restricts the entry of personal electronic devices into the Courthouse. | **August 4, 2016 at 10:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>  **\*\*\* Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting. \*\*\*** | Location:<br><br>**FIRST FLOOR, 300 North Hogan St. Suite 1–200, Jacksonville, FL 32202** |

---

| | |
|---|---|
| **8. Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. |

---

| | | |
|---|---|---|
| **9. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline:** *October 3, 2016* |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

---

| | |
|---|---|
| **10. Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |

---

| | |
|---|---|
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

---

| | |
|---|---|
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |

---

| | |
|---|---|
| **13. Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. McVCIS is accessible 24 hours a day except when routine maintenance is performed. To access McVCIS toll free call 1–866–222–8029. |

---

**EXHIBIT 2**

Debtor 1  **Nicholas S. Lazzaro**
Debtor 2  **Lauren Marie Lazzaro**

Case number *(if know)*

---

| 4.2 9 | **Online Collections** | Last 4 digits of account number | **9634** | **$411.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**Po Box 1489**
**Winterville, NC 28590**

When was the debt incurred?    **Opened 02/16  Last Active 09/15**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

☐ Contingent

■ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

■ **Check if this claim is for a community debt**

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify  **Collection account for Ameren Missouri**

---

| 4.3 0 | **PPG Clinical Pathology LLC** | Last 4 digits of account number | **7062** | **$28.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**P O Box 8660**
**Saint Louis, MO 63126**

When was the debt incurred?

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

■ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify  **medical services**

---

| 4.3 1 | **Progress West Hospital** | Last 4 digits of account number | **781Y** | **$6,782.60** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**P O Box 938**
**Vero Beach, FL 32961**

When was the debt incurred?

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

■ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify  **medical services**

---

**EXHIBIT 3**

United States Bankruptcy Court
Middle District of Florida

In re:                                                          Case No. 16-02550-PMG
Nicholas S. Lazzaro                                             Chapter 7
Lauren Marie Lazzaro
      Debtors

## CERTIFICATE OF NOTICE

District/off: 113A-3        User: kbrickner        Page 1 of 2        Date Rcvd: Jul 06, 2016
                           Form ID: 309A           Total Noticed: 51

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 08, 2016.
```
db/jdb       +Nicholas S. Lazzaro,    Lauren Marie Lazzaro,    7901 Baymeadows Circle E. #515,
               Jacksonville, FL 32256-0235
26368192     +Alterra Pest Control,    P O Box 3666,    Camarillo, CA 93011-3666
26368193      Ameren Missouri,    PO Box 1489,    Winterville, NC 28590-1489
26368194     +Argent Healthcare Financial,    a/k/a Firstsource,    1661 Lyndon Farm Court,
               Attn: Bankruptcy Department,    Louisville, KY 40223-4029
26368200     +BJC Health Care,    P O Box 958410,    Saint Louis, MO 63195-8410
26368197     +Bank of America,    100 N. Tryon Street,    Suite 170,    Charlotte, NC 28202-4024
26368198     +Bank of America,    1400 E. Touhy Ave,    Suite 62,    Des Plaines, IL 60018-3305
26368199      Barnes Jewish St. Peters,    7650 Nagna Drive,    Belleville, IL 62223
26368203     +CBA Collection Bureau,    Po Box 5013,    Hayward, CA 94540-5013
26368206     +CMRE Financial Services,    3075 E Imperial Hwy,    Suite 200,    Brea, CA 92821-6753
26368204     +City of O'Fallon Utility Svc,    P O Box 790412,    Saint Louis, MO 63179-0412
26368205      Club Fitness,    3701 N. Peters Parkway,    Suite A,    Saint Peters, MO 63376
26368209     +Credit Control Corp,    Po Box 120568,    Newport News, VA 23612-0568
26368210     +Douglas, Chacellor, Meyer & Lazzaro,    1000 Fairgrounds Rd,    Suite 200,
               Saint Charles, MO 63301-2581
26368213    ++FIFTH THIRD BANK,    MD# ROPS05 BANKRUPTCY DEPT,    1850 EAST PARIS SE,
               GRAND RAPIDS MI 49546-6253
             (address filed with court: Fifth Third Bank,    38 Fountain Sqaure Plaza,
               Cincinnati, OH 45263)
26368214     +Fifth Third Bank,    2419 State Highway K,    O Fallon, MO 63368-7866
26368215     +First Community C.U.,    17151 ChesterfieldAirportRd,    Chesterfield, MO 63005-1411
26368216     +Humana,    P O BOx 219051,    Kansas City, MO 64121-9051
26368217      Inpatient Consultants of MO,    c/o Financial Corp. of Amer,    P O Box 203500,
               Austin, TX 78720-3500
26368218     +Kimball, Tirey & St. John LLP,    7676 Harard Center Drive,    Suite 900,
               San Diego, CA 92108-4515
26368219      MBB Radiology,    P O Box 116700,    Atlanta, GA 30368-6700
26368221     +Obstetrical Anesthesia Assoc,    P O Box 3860,    Chesterfield, MO 63006-3860
26368223     +PPG Clinical Pathology LLC,    P O Box 8660,    Saint Louis, MO 63126-0660
26368224     +Progress West Hospital,    P O Box 938,    Vero Beach, FL 32961-0938
26368225     +Provider Plus,    P O Box 771260,    Saint Louis, MO 63177-2260
26368226     +Pulmonary Consultants,    P O Box 1839,    Maryland Heights, MO 63043-6839
26368227     +Quest Diagnostics,    P O Box 7306,    Hollister, MO 65673-7306
26368228     +RIA Medical, LLC,    105 Creekside Office Drive,    Wentzville, MO 63385-3289
26368229     +SCE (So. CA Edison),    Attn: Bankruptcy,    Po Box 600,    Rosemead, CA 91770-0600
26368230      SE Emergency Physicians,    P O Box 459080,    Fort Lauderdale, FL 33345-9080
26368233     +Washington University,    P O Box 270480,    Saint Louis, MO 63127-0480
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
aty           E-mail/Text: court@planlaw.com Jul 06 2016 23:51:23    Bryan K. Mickler,
               5452 Arlington Expressway,    Jacksonville, FL 32211
tr            EDI: EPIQSYS.COM Jul 06 2016 23:38:00    Gordon P. Jones,    P O Box 600459,
               Jacksonville, FL 32260-0459
ust          +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Jul 06 2016 23:52:11
               United States Trustee - JAX 13/7,    Office of the United States Trustee,
               George C Young Federal Building,    400 West Washington Street, Suite 1100,
               Orlando, FL 32801-2210
26368190     +EDI: AARGON.COM Jul 06 2016 23:38:00    Aargon Agency,    8668 Spring Mountain Rd,
               Las Vegas, NV 89117-4132
26368191     +E-mail/Text: jhill@arc1.biz Jul 06 2016 23:52:40    Account Resolution Corp,    700 Goddard Ave,
               Chesterfield, MO 63005-1100
26368195     +EDI: BANKAMER.COM Jul 06 2016 23:38:00    Bank Of America,    NC4-105-03-14,    P O Box 26012,
               Greensboro, NC 27420-6012
26368196     +EDI: BANKAMER2.COM Jul 06 2016 23:38:00    Bank of America,    100 N. Tryon St.,
               Charlotte, NC 28202-4031
26368201     +E-mail/Text: bankruptcy@usecapital.com Jul 06 2016 23:53:43    Capital Accounts,
               Po Box 140065,    Nashville, TN 37214-0065
26368202     +EDI: CAPITALONE.COM Jul 06 2016 23:38:00    Capital One / Yamaha,    Po Box 30253,
               Salt Lake City, UT 84130-0253
26368207      EDI: WFNNB.COM Jul 06 2016 23:38:00    Comenity Bank,    for Victoria Secret,    Po Box 18215,
               Columbus, OH 43218
26368208     +E-mail/Text: stacy@consumercollection.com Jul 06 2016 23:53:09    Consumer Collection,
               Po Box 1839,    Maryland Heights, MO 63043-6839
26368186     +E-mail/Text: taxdept@coj.net Jul 06 2016 23:53:23    Duval County Tax Collector,
               231 Forsyth St. #130,    Jacksonville FL 32202-3380
26368211     +E-mail/Text: bankruptcy@escu.org Jul 06 2016 23:51:44    Electro Savings Credit Union,
               1805 Craigshire Dr,    St Louis, MO 63146-4019
26368212     +E-mail/Text: PBA_Legal@duvaawko.com Jul 06 2016 23:53:27    Emergency Resources Group,
               PO Box 11349,    Daytona Beach, FL 32120-1349
26368187      EDI: FLDEPREV.COM Jul 06 2016 23:38:00    Florida Dept. of Revenue,    Bankruptcy Unit,
               P.O. Box 6668,    Tallahassee, FL 32314-6668
```

District/off: 113A-3          User: kbrickner          Page 2 of 2          Date Rcvd: Jul 06, 2016
                             Form ID: 309A             Total Noticed: 51

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
26368220         +E-mail/Text: jrepa@mcacollectionagency.com Jul 06 2016 23:51:32      MCA Mgmnt Co,    Po Box 480,
                  High Ridge, MO 63049-0480
26368222         +E-mail/Text: bankruptcy@onlineis.com Jul 06 2016 23:53:17      Online Collections,    Po Box 1489,
                  Winterville, NC 28590-1489
26368231         +EDI: SWCR.COM Jul 06 2016 23:38:00      Southwest Credit Systems,   4120 International Parkway,
                  Suite 1100,   Carrollton, TX 75007-1958
26368231         +E-mail/Text: bankruptcy@sw-credit.com Jul 06 2016 23:52:39      Southwest Credit Systems,
                  4120 International Parkway,   Suite 1100,    Carrollton, TX 75007-1958
26368232         +EDI: WTRRNBANK.COM Jul 06 2016 23:38:00      Target,   C/O Financial & Retail Services,
                  Mailstop BT PO Box 9475,   Minneapolis, MN 55440-9475
26368188         +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Jul 06 2016 23:52:11      United States Trustee,
                  135 W Central Blvd, Suite 620,   Orlando, FL 32801-2476
                                                                                                TOTAL: 21

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 08, 2016                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 6, 2016 at the address(es) listed below:
              Bryan K. Mickler    on behalf of Debtor Nicholas S. Lazzaro court@planlaw.com,   tjking@planlaw.com,
              bkmickler@planlaw.com;cmickler@planlaw.com;mmiller@planlaw.com
              Bryan K. Mickler    on behalf of Joint Debtor Lauren Marie Lazzaro court@planlaw.com,
              tjking@planlaw.com,bkmickler@planlaw.com;cmickler@planlaw.com;mmiller@planlaw.com
              Gordon P. Jones    gjones@epitrustee.com,  gjones@ecf.epiqsystems.com
              United States Trustee - JAX 13/7   USTP.Region21.OR.ECF@usdoj.gov
                                                                                       TOTAL: 4

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Nicholas S. Lazzaro** | Social Security number or ITIN **xxx–xx–0999** |
| | First Name    Middle Name    Last Name | EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Lauren Marie Lazzaro** | Social Security number or ITIN **xxx–xx–6375** |
| | First Name    Middle Name    Last Name | EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court **Middle District of Florida** | | Date case filed for chapter **7  7/5/16** |
| Case number: **3:16-bk-02550-PMG** | | |

<u>Official Form 309A (For Individuals or Joint Debtors)</u>
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline  12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Nicholas S. Lazzaro | Lauren Marie Lazzaro |
| 2. | **All other names used in the last 8 years** | aka Nicholas Scott Lazzaro | fka Lauren Marie Argue |
| 3. | **Address** | 7901 Baymeadows Circle E. #515 Jacksonville, FL 32256 | 7901 Baymeadows Circle E. #515 Jacksonville, FL 32256 |
| 4. | **Debtor's attorney** Name and address | Bryan K. Mickler 5452 Arlington Expressway Jacksonville, FL 32211 | Contact phone 904–725–0822 Email:  court@planlaw.com |
| 5. | **Bankruptcy Trustee** Name and address | Gordon P. Jones P O Box 600459 Jacksonville, FL 32260–0459 | Contact phone 904–262–7373 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

**For more information, see page 2 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**                                                            page 1

| 6. | **Bankruptcy Clerk's Office** | 300 North Hogan Street Suite 3–150<br>Jacksonville, FL 32202 | Hours open:<br>Monday – Friday 8:30 AM – 4:00PM |
|---|---|---|---|
| | Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | | Contact phone 904–301–6490<br><br>Date: July 6, 2016 |

| 7. | **Meeting of creditors** | **August 4, 2016 at 10:30 AM** | Location: |
|---|---|---|---|
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073–1 restricts the entry of personal electronic devices into the Courthouse. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**\*\*\* Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting. \*\*\*** | **FIRST FLOOR, 300 North Hogan St. Suite 1–200, Jacksonville, FL 32202** |

| 8. | **Presumption of abuse** | The presumption of abuse does not arise. |
|---|---|---|
| | If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | |

| 9. | **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline: October 3, 2016** |
|---|---|---|---|
| | The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| 10. **Proof of claim** | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |
|---|---|
| Please do not file a proof of claim unless you receive a notice to do so. | |

| 11. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|

| 12. **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |
|---|---|

| 13. **Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. McVCIS is accessible 24 hours a day except when routine maintenance is performed. To access McVCIS toll free call 1–866–222–8029. |
|---|---|

**EXHIBIT 4**

United States Bankruptcy Court
Middle District of Florida

In re:                                                              Case No. 16-02550-PMG
Nicholas S. Lazzaro                                                 Chapter 7
Lauren Marie Lazzaro
          Debtors

## CERTIFICATE OF NOTICE

District/off: 113A-3          User: smelissa          Page 1 of 2          Date Rcvd: Oct 04, 2016
                             Form ID: B18J            Total Noticed: 50

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 06, 2016.
```
db/jdb      +Nicholas S. Lazzaro,    Lauren Marie Lazzaro,    7901 Baymeadows Circle E. #515,
             Jacksonville, FL 32256-0235
26368192    +Alterra Pest Control,    P O Box 3666,    Camarillo, CA 93011-3666
26368193     Ameren Missouri,    PO Box 1489,    Wentzville, MO 28590-1489
26368194    +Argent Healthcare Financial,    a/k/a Firstsource,    1661 Lyndon Farm Court,
             Attn: Bankruptcy Department,    Louisville, KY 40223-4029
26368200    +BJC Health Care,    P O Box 958410,    Saint Louis, MO 63195-8410
26368197    +Bank of America,    100 N. Tryon Street,    Suite 170,    Charlotte, NC 28202-4024
26368198    +Bank of America,    1400 E. Touhy Ave,    Suite 62,    Des Plaines, IL 60018-3305
26368199     Barnes Jewish St. Peters,    7650 Nagna Drive,    Belleville, IL 62223
26368203    +CBA Collection Bureau,    Po Box 5013,    Hayward, CA 94540-5013
26368206    +CMRE Financial Services,    3075 E Imperial Hwy,    Suite 200,    Brea, CA 92821-6753
26368204    +City of O'Fallon Utility Svc,    P O Box 790412,    Saint Louis, MO 63179-0412
26368205     Club Fitness,    3701 N. Peters Parkway,    Suite A,    Saint Peters, MO 63376
26368209    +Credit Control Corp,    Po Box 120568,    Newport News, VA 23612-0568
26368210    +Douglas, Chacellor, Meyer & Lazzaro,    1000 Fairgrounds Rd,    Suite 200,
             Saint Charles, MO 63301-2581
26368213   ++FIFTH THIRD BANK,    MD# ROPS05 BANKRUPTCY DEPT,    1850 EAST PARIS SE,
             GRAND RAPIDS MI 49546-6253
            (address filed with court: Fifth Third Bank,    38 Fountain Sqaure Plaza,
             Cincinnati, OH 45263)
26368214    +Fifth Third Bank,    2419 State Highway K,    O Fallon MO 63368-7866
26368215    +First Community C.U.,    17151 ChesterfieldAirportRd,    Chesterfield, MO 63005-1411
26368216    +Humana,    P O BOx 219051,    Kansas City, MO 64121-9051
26368217     Inpatient Consultants of MO,    c/o Financial Corp. of Amer,    P O Box 203500,
             Austin, TX 78720-3500
26368218    +Kimball, Tirey & St. John LLP,    7676 Harard Center Drive,    Suite 900,
             San Diego, CA 92108-4515
26368219     MBB Radiology,    P O Box 116700,    Atlanta, GA 30368-6700
26368221    +Obstetrical Anesthesia Assoc,    P O Box 3860,    Chesterfield, MO 63006-3860
26368223    +PPG Clinical Pathology LLC,    P O Box 8660,    Saint Louis, MO 63126-0660
26368224    +Progress West Hospital,    P O Box 938,    Vero Beach, FL 32961-0938
26368225    +Provider Plus,    P O Box 771260,    Saint Louis, MO 63177-2260
26368226    +Pulmonary Consultants,    P O Box 1839,    Maryland Heights, MO 63043-6839
26368227    +Quest Diagnostics,    P O Box 7306,    Hollister, MO 65673-7306
26368228    +RIA Medical, LLC,    105 Creekside Office Drive,    Wentzville, MO 63385-3289
26368229    +SCE (So. CA Edison),    Attn: Bankruptcy,    Po Box 600,    Rosemead, CA 91770-0600
26368230     SE Emergency Physicians,    P O Box 459080,    Fort Lauderdale, FL 33345-9080
26368233    +Washington University,    P O Box 270480,    Saint Louis, MO 63127-0480
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr           EDI: EPIQSYS.COM Oct 04 2016 22:43:00      Gordon P. Jones,    P O Box 600459,
             Jacksonville, FL  32260-0459
cr          +E-mail/Text: bankruptcy@escu.org Oct 04 2016 22:49:35      Electro Saving Credit Union,
             1805 Craigshire Dr,    St. Louis, MO 63146-4019
26368190    +EDI: AARGON.COM Oct 04 2016 22:48:00      Aargon Agency,    8668 Spring Mountain Rd,
             Las Vegas, NV 89117-4132
26368191    +E-mail/Text: jhill@arcl.biz Oct 04 2016 22:50:16      Account Resolution Corp,    700 Goddard Ave,
             Chesterfield, MO 63005-1100
26368195    +EDI: BANKAMER.COM Oct 04 2016 22:43:00      Bank Of America,    NC4-105-03-14,    P O Box 26012,
             Greensboro, NC 27420-6012
26368196    +EDI: BANKAMER2.COM Oct 04 2016 22:43:00      Bank of America,    100 N. Tryon St.,
             Charlotte, NC 28202-4031
26368201    +E-mail/Text: bankruptcy@usecapital.com Oct 04 2016 22:51:32      Capital Accounts,
             Po Box 140065,    Nashville, TN 37214-0065
26368202    +EDI: CAPITALONE.COM Oct 04 2016 22:43:00      Capital One / Yamaha,    Po Box 30253,
             Salt Lake City, UT 84130-0253
26368207     EDI: WFNNB.COM Oct 04 2016 22:43:00      Comenity Bank,    for Victoria Secret,    Po Box 18215,
             Columbus, OH 43218
26368208    +E-mail/Text: stacy@consumercollection.com Oct 04 2016 22:50:45      Consumer Collection,
             Po Box 1839,    Maryland Heights, MO 63043-6839
26368186    +E-mail/Text: taxdept@coj.net Oct 04 2016 22:51:04      Duval County Tax Collector,
             231 Forsyth St. #130,    Jacksonville FL 32202-3380
26368211    +E-mail/Text: bankruptcy@escu.org Oct 04 2016 22:49:35      Electro Savings Credit Union,
             1805 Craigshire Dr,    St Louis, MO 63146-4019
26368212    +E-mail/Text: PBA_Legal@duvasawko.com Oct 04 2016 22:51:07      Emergency Resources Group,
             PO Box 11349,    Daytona Beach, FL 32120-1349
26368187     EDI: FLDEPREV.COM Oct 04 2016 22:43:00      Florida Dept. of Revenue,    Bankruptcy Unit,
             P.O. Box 6668,    Tallahassee, FL 32314-6668
26368220    +E-mail/Text: jrepa@mcacollectionagency.com Oct 04 2016 22:49:24      MCA Mgmnt Co,    Po Box 480,
             High Ridge, MO 63049-0480
26368222    +E-mail/Text: bankruptcy@onlineis.com Oct 04 2016 22:50:58      Online Collections,    Po Box 1489,
             Winterville, NC 28590-1489
```

District/off: 113A-3          User: smelissa          Page 2 of 2          Date Rcvd: Oct 04, 2016
                             Form ID: B18J            Total Noticed: 50

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
26368231       +EDI: SWCR.COM Oct 04 2016 22:48:00      Southwest Credit Systems,   4120 International Parkway,
                 Suite 1100,   Carrollton, TX 75007-1958
26368232       +EDI: WTRRNBANK.COM Oct 04 2016 22:43:00      Target,   C/O Financial & Retail Services,
                 Mailstop BT PO Box 9475,   Minneapolis, MN 55440-9475
26368188       +E-mail/Text: ustp.region21.or.ecf@usdoj.gov Oct 04 2016 22:49:58      United States Trustee,
                 135 W Central Blvd, Suite 620,   Orlando, FL 32801-2476
                                                                                            TOTAL: 19

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 06, 2016                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 4, 2016 at the address(es) listed below:
              Bryan K. Mickler    on behalf of Debtor Nicholas S. Lazzaro court@planlaw.com,  tjking@planlaw.com,
               bkmickler@planlaw.com;cmickler@planlaw.com;mmiller@planlaw.com
              Bryan K. Mickler    on behalf of Joint Debtor Lauren Marie Lazzaro court@planlaw.com,
               tjking@planlaw.com,bkmickler@planlaw.com;cmickler@planlaw.com;mmiller@planlaw.com
              Gordon P. Jones     gjones@epitrustee.com,  gjones@ecf.epiqsystems.com
              Taylor J King    on behalf of Debtor Nicholas S. Lazzaro tjking@planlaw.com,
               bkmickler@planlaw.com,cmickler@planlaw.com,mmiller@planlaw.com,court@planlaw.com
              Taylor J King    on behalf of Joint Debtor Lauren Marie Lazzaro tjking@planlaw.com,
               bkmickler@planlaw.com,cmickler@planlaw.com,mmiller@planlaw.com,court@planlaw.com
              United States Trustee - JAX 13/7    USTP.Region21.OR.ECF@usdoj.gov
                                                                                            TOTAL: 6

B18J(Form 18J) (08/07)

# United States Bankruptcy Court

## Middle District of Florida

### Case No. 3:16–bk–02550–PMG
### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Nicholas S. Lazzaro
aka Nicholas Scott Lazzaro
7901 Baymeadows Circle E. #515
Jacksonville, FL 32256

Lauren Marie Lazzaro
fka Lauren Marie Argue
7901 Baymeadows Circle E. #515
Jacksonville, FL 32256

Social Security No.:
xxx–xx–0999                                           xxx–xx–6375

Employer's Tax I.D. No.:


## DISCHARGE OF JOINT DEBTORS

It appearing that the debtors are entitled to a discharge,

**IT IS ORDERED:**

The debtors are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).


Dated: October 4, 2016

_____
Paul M. Glenn
United States Bankruptcy Judge


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18J continued (08/07)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A JOINT CHAPTER 7 CASE

This court order grants a discharge to the persons named as the debtors. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtors a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtors. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**EXHIBIT 5**

PO BOX 1489
WINTERVILLE NC 28590-1489

**ELECTRONIC SERVICE REQUESTED**    7

August 24, 2017
➤ Address Changes? Make Changes Below

LAUREN M LAZZARO

| IF PAYING BY CREDIT CARD, FILL OUT BELOW | | | |
|---|---|---|---|
| ZIP CODE | | | |
| □ VISA | □ | □ | □ DISCOVER |
| CARD NUMBER | | CVV CODE | EXP. DATE |
| NAME | | ACCOUNT NO. | |
| SIGNATURE | | AMOUNT $ | |

Please mail payments and correspondence to:
**ONLINE INFORMATION SERVICES, INC**
PO BOX 1489
WINTERVILLE NC 28590-1489

◄ Pay To ◄

Contact us at (800) 873-9358

➤ Billing Phone Number: _____

➤ Make check or money order payable to Online Information Services, Inc ◄

▲ Please Detach And Return in The Enclosed Envelope With Your Payment ▲

---

# IMPORTANT NOTICE



**INFORMATION SERVICES**

August 24, 2017

Your creditor has placed this account with this office for collection.

| ACCOUNT SUMMARY | |
|---|---|
| **Creditor:** AMEREN MISSOURI | **Account #:** |
| **Date of Service:** September 28, 2015 | **Service For:** 16 CREEK BRANCH CT |
| **PIN#:** 55196 | |
| **Amount Owed:** | **$411.64** |

PO BOX 1489
WINTERVILLE NC 28590-1489
(252) 757-2101
(800) 765-5794

Hours of Operation
Monday - Thursday: 8 AM - 8 PM, EST
Friday: 8 AM - 5 PM, EST
Saturday: 8 AM - 12 PM, EST

**You also have the following rights.**

Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgement against you and mail you a copy of such judgement or verification. If you request of this office in writing within the 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Commercial Desk Ext. 3575

North Carolina Department of Insurance Permit Number 888.

| PAYMENT OPTIONS |
|---|


Free online payment at:
**payments.OnlineCollections.com**
**Account:** 05545728
**PIN #:** 55196


Call us: (866) 377-3853


Mail payment in enclosed envelope.


Scan this code with your smartphone to pay your bill online.

To make a payment on your account by credit card, you can complete the lower portion and return with your payment, or use your account number and pin number located at the top of this letter with our automated system at 866-205-5956, or log into the following web address http://payments.onlinecollections.com/.

**NOTICE:** When you provide a check as payment, you authorize us to either use the information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from the financial institution.